UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT HENLEY,

       Petitioner,

v.                                   CASE NO. 04-CV-73331-DT
                                       HONORABLE ARTHUR J. TARNOW

JAMES WOODS,

       Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S DISPOSITIVE MOTION AND DISMISSING THE HABEAS CORPUS PETITION

Petitioner Roosevelt Henley has applied for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Also pending before the Court is Respondent's motion for summary judgment and dismissal of the habeas petition.  The Court agrees with Respondent that the habeas petition is time-barred.  Therefore, the petition will be dismissed.

### I.  Background

Petitioner alleges that he was convicted in 1977 of armed robbery, MICH. COMP. LAWS § 750.529.  The trial court sentenced Petitioner to life imprisonment for the crime. The Michigan Court of Appeals affirmed his conviction, and on April 1, 1981, the Michigan Supreme Court denied leave to appeal.

On January 9, 1992, Petitioner filed a motion for relief from judgment, which the trial court denied about five months later.  Petitioner apparently did not appeal the trial

*Henley v. Woods*, No. 04-CV-73331-DT

court's decision.

On May 29, 2001, Petitioner filed another motion for relief from judgment. The trial court denied the motion, because Petitioner raised the same issues that had been presented in his previous motion, and he did not establish that a retroactive change in the law undermined the prior decision. The Michigan Court of Appeals denied leave to appeal the trial court's decision, because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.58(D). *See People v. Henley*, No. 243152 (Mich. Ct. App. Apr. 1, 2003). On August 29, 2003, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Henley*, 469 Mich. 879; 668 N.W.2d 150 (2003) (table).

Petitioner signed his habeas petition on August 6, 2004. The grounds for relief read:

    I.      Denial of effective assistance of trial counsel

    II.     Petitioner was denied allocution.

    III.    The trial court's failure or refusal to individualize Petitioner's sentence amounted to cruel and unusual punishment.

    IV.    The trial court's instructions to the jury were sufficiently prejudicial so as to deny Petitioner his constitutional right to a fair and impartial trial and due process of law.

    V.     Even if no single assignment of error requires reversal, the totality of error deprived Petitioner Henley of his constitutional right to a fair trial.

*Henley v. Woods*, No. 04-CV-73331-DT

## II. Discussion

Respondent alleges in his pending motion that Petitioner has failed to comply with the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). For inmates like Petitioner, whose convictions became final before the AEDPA was enacted on April 24, 1996, there was a grace period of one-year, or until April 24, 1997, to file habeas petitions. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *overruled on other grounds*, 530 U.S. 1257 (2000). Petitioner filed his habeas petition over eight years after the AEDPA was enacted. Therefore, his pleading is time-barred, absent tolling.

### A. Statutory Tolling under 28 U.S.C. § 2244(d)(2)

The period of limitations is tolled while a prisoner's properly filed application for state post-conviction review is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner's 1992 post-conviction motion had no impact on the statute of limitations, because it was filed before the statute was enacted.

Petitioner filed a second post-conviction motion in state court in 2001. This motion did not affect the statute of limitations, because the one-year limitations period expired before Petitioner filed the motion. *Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002). The motion did not delay the date on which Petitioner's conviction

*Henley v. Woods*, No. 04-CV-73331-DT

became final, *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), and resolution of the

motion did not restart the limitations period.  *Searcy v. Carter,* 246 F.3d 515, 519 (6th

Cir. 2001).

## B.  Equitable Tolling

Because the habeas statute of limitations is not jurisdictional, it is subject to

equitable tolling.  *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003).  A litigant

who seeks equitable tolling generally "bears the burden of establishing two elements: (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way."  *Pace v. DiGuglielmo*, __ U.S. __, __, 125 S. Ct. 1807,

1814 (2005).  Federal district courts must consider and balance the following factors set

out in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), to determine whether equitable

tolling is appropriate:  (1) the petitioner's lack of notice of the filing requirement; (2) the

petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's

diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the

petitioner's reasonableness in remaining ignorant of the legal requirement for filing his

claims.  *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).  "These factors

are not necessarily comprehensive and they are not all relevant in all cases.  Ultimately,

the decision whether to equitably toll a period of limitations must be decided on a

case-by-case basis."  *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v.*

*Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).

*Henley v. Woods*, No. 04-CV-73331-DT

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Furthermore, Petitioner has not asserted that he lacked notice or constructive knowledge of the filing requirement, and he has not shown that ignorance of the filing requirement was reasonable. Nor has Petitioner shown that he was diligent in pursuing his claims. After the AEDPA was enacted, Petitioner waited five years to file a post-conviction motion in state court. He waited another year after resolution of that motion in state court to file his habeas petition.[1]

Petitioner nevertheless alleges that extraordinary circumstances beyond his control justify tolling the limitations period. Specifically, alleges Petitioner, the state interfered with his ability to file a timely habeas petition by depriving him of state court transcripts.

Petitioner requested the transcripts in 1991. A deputy clerk for the trial court promised to forward the transcripts to Petitioner if they were available. Although the transcripts apparently were not sent to Petitioner, he concedes that he was able to file his first motion for relief from judgment in 1992 without the transcripts. He did not request the transcripts a second time until July 6, 1999. By then, the one-year limitations period

---

[1] If Petitioner had filed the motion before the period of limitations expired, the limitations period would have been tolled until the conclusion of the time for seeking Supreme Court review of the state's final judgment on his motion, regardless of whether he actually petitioned the Supreme Court to review his case. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied sub nom Caruso v. Abela*, 541 U.S. 1070 (2004).

*Henley v. Woods*, No. 04-CV-73331-DT

had expired.  Petitioner waited about a year and a half after acquiring the transcripts on

August 5, 1999, to file his second motion for relief from judgment.

The Court concludes that Petitioner's own lack of diligence, and not a state-court

impediment, caused the delay in filing the habeas petition.  Under the circumstances, the

Court declines to equitably toll the limitations period.

### III.  Conclusion

More than one year expired between enactment of the AEDPA and the date that

Petitioner filed his habeas corpus petition.  Petitioner's post-conviction motions in state

court did not affect the limitations period, and equitable tolling is not appropriate.

Petitioner's pleading is untimely.  Therefore, Respondent's motion for summary

judgment and dismissal [Doc. #8] is **GRANTED**, and the petition for a writ of habeas

corpus [Doc. #3] is **DISMISSED** with prejudice.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 20, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

6